FILED
2007 Jan-16 PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **CARL DAVID STOKES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **6:06-cv-0893-UWC** |
| **UNITED MINEWORKERS 1974** ) | |
| **PENSION PLAN and THE** ) | |
| **UNITED MINEWORKERS** ) | |
| **HEALTH AND RETIREMENT** ) | |
| **FUNDS,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Reconsideration of Order Entered 12/21/06, (Doc. 13). Defendant seeks reconsideration from the Court's order compelling Defendant to give deposition testimony. For the reasons elaborated herein, this motion is due to be DENIED.

In this case, Plaintiff alleges that he is entitled to disability benefits according to the terms of his United Mineworkers 1974 Pension Plan.

> When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard . . . the function of the court is to determine whether there was a reasonable basis for the decision, ***based upon the facts as known to the administrator at the time the***

***decision was made***.

*Jett v. Blue Cross and Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989) (emphasis added).  This limited review does not, however, prevent Plaintiff from seeking deposition testimony from the administrator, in addition to, discovery of Plaintiff's pension file.  Deposition testimony from Defendant's employees may yield additional information considered by the administrator at the time of its decision.

The Eleventh Circuit has never issued the blanket prohibition of deposition testimony in arbitrary and capricious cases, as Defendant suggests.  In fact, in *Helms v. Monsanto Co., Inc.*, 728 F.2d 1416, 1420 (11th Cir. 1984), the Court examined deposition testimony of the plan administrator in reversing a denial of benefits:

> Dr. Skalka's [the plan administrator] deposition was taken in November, 1982, in preparation for trial. He was asked by appellant's counsel to explain his reasoning as to why he concluded that Mr. Helms was not totally and permanently disabled. He responded:
>
> > 'Well, I felt that Mr. Helms was certainly disabled, but, according to that definition, with that word, 'any occupation or employment for remuneration or profit,' I really couldn't think of any disability compatible with conscious life that would allow me to say anybody was 'disabled within the definition set out above,' so I had to sign it, 'Not disabled within the definition.'

. . . . We find that the arbitrator applied the wrong standard to determine permanent total disability." *Helms*, 728 F.2d at 1419 (citation omitted).

Defendant has raised no meritorious arguments that deposition testimony is prohibited in arbitrary and capricious cases and has not demonstrated that the deposition Plaintiff requests would be unduly burdensome.

Therefore, the Motion for Reconsideration will be denied by separate order.

Done the 16th day of January, 2007.

/s/ U.W. Clemon
U.W. Clemon
United States District Judge